**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANA L. LUNA, | ) | CASE NO. CV 14-01015 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Ana Luna was late for her administrative hearing — so late, in fact, that the hearing had concluded before she arrived. The Administrative Law Judge issued a Notice to Show Cause, giving her the opportunity to justify her failure to appear on time. [AR 81] She responded [AR 87-88], but the Administrative Law Judge found that her excuse did not provide good cause, and he therefore reached a decision without any live testimony from her. [AR 13-19] This decision to proceed without Plaintiff forms the guts of Plaintiff's appeal to this Court.

A party has a right to appear and present evidence, but the Administrative Law Judge here clearly gave appropriate notice of the hearing, and warning of potential consequences if no one attended. [AR 55] Whether the hearing was to be rescheduled depended, under the regulations, on whether Plaintiff showed good cause for such rescheduling. The operative regulation reads:

> The Administrative Law Judge will . . . find good cause for changing the time and place of your scheduled hearing, and will reschedule your hearing, if your reason is one of the following circumstances and is supported by the evidence:
>
> > (1) You or your representative are unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family.
>
> . . .

20 C.F.R. § 404.936(e). The Administrative Law Judge found that there was no good cause, because Plaintiff's explanation rested on a "naked assertion of severe mental illness" that was "not corroborated by the record." [AR 13]

Plaintiff's explanation for her arrival after the hearing had concluded was not very enlightening. She said that "in general my depression created anxiety and made it difficult to be on time. My medication was changed and felt very tired sleepy [sic]." [AR 87] Even though she was represented by counsel, who transcribed the note [*id.*], she gave no detail, nor any explanation of how any depression or anxiety prevented her from being on time. She gave no indication of what medication had been changed, when it was changed, or of how the change affected her ability to appear on time. She provided no explanatory note from a doctor, nor anything else to give any verisimilitude to her statement. She did add two statements that seem divorced from reality, indicating that an unknown "they" had put cameras or something in her house, and that "they" put a pump inside her. Whatever the import of these statements, however, they have no ready relevance to the question of what caused her not to be on time. Again, the Court notes that Plaintiff was represented by counsel, and that nevertheless no more specific or detailed statement of cause was provided. The Administrative Law Judge was accurate in his assessment; the explanation was little more than a naked assertion of severe mental illness.

Under those circumstances, the Administrative Law Judge was justified in concluding that Plaintiff had not shown good cause for her non-appearance at the scheduled time. There was not, as required by the regulations, evidence of a serious mental or physical condition that in fact caused Plaintiff not to appear as scheduled. Under the regulations, therefore, the Administrative Law Judge was not required to re-schedule the hearing.

Plaintiff also contends in this Court that the Administrative Law Judge breached his duty to develop the record. The duty to develop the record arises when the record is ambiguous or inadequate to allow meaningful review. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff cites no authority that this duty somehow trumps her responsibility to appear at a duly noticed hearing, or somehow vitiates the good cause requirement to justify re-scheduling of the hearing. Furthermore, there is no indication of any ambiguity or inadequacy in the record.

Plaintiff also argues that the Administrative Law Judge erred in not identifying the reasons for rejecting the opinion of treating physician Samuel Finkelstein, M.D. But Plaintiff identifies no such opinion of Dr. Finkelstein that was ignored. So far as the Court can tell, Dr. Finkelstein indicated that he had been treating Plaintiff for opioid dependence, and requested that she be considered for an "Assistance Program." [AR 232] His records show her treatment for dealing with her opioid dependence. [AR 248 *et seq*.] Plaintiff herself acknowledges that she has been in remission from drug usage for more than three years. (Plaintiff's Memorandum in Support of Complaint 12:24-25.) There is no merit to Plaintiff's complaint about the Administrative Law Judge's assessment of Dr. Finkelstein.

In her reply memorandum, Plaintiff asserts that within the records from Dr. Finkelstein lie notations about Plaintiff's depression, anxiety and poor sleep, suggesting that these records bolster Plaintiff's argument that the Administrative Law Judge erred in concluding that Plaintiff did not have a severe mental impairment. But the existence of an impairment does not equate with the existence of severity; severity is a question of the

ability to function. 20 C.F.R. § 404.1521. The Administrative Law Judge concluded that Plaintiff did not have a severe impairment, noting that the latest treatment note was almost two years old [AR 13], that Plaintiff had sought unemployment benefits, which required an attestation that she was able to work, and that the consultant's examination indicated no restriction on her ability to function. [AR 18] As with any other finding, the finding of severity must be backed by substantial evidence. *Smolen v. Chater, supra,* 80 F.3d 1273, 1289-90 (9th Cir. 1996). Here it was.

Plaintiff's final argument is that the Administrative Law Judge wrongly judged her credibility, because he misstated her prior earnings. The argument is misplaced, as the Administrative Law Judge did not make credibility findings; indeed, since Plaintiff did not testify, there was no testimony that might have been judged either credible or lacking in credibility. The statement about Plaintiff's earnings was part of the Administrative Law Judge's discussion of the non-severity of Plaintiff's impairment. [AR 18]

The Administrative Law Judge did not err, and substantial evidence supported his determinations. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Accordingly, the Commissioner's decision is affirmed.

DATED: October 17, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE